1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Bulmaro Soto-Portillo,                    No. CV-16-03904-PHX-DGC

10                  Petitioner,               **ORDER**

11   v.

12   Charles L Ryan, et al.,

13                  Respondents.

14

15

16          Petitioner Bulmaro Soto-Portillo filed a pro se petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254, alleging four grounds for relief. Doc. 1. Respondents filed

18   an answer on February 6, 2017, and a record supplement on February 15, 2017.

19   Docs. 13, 15. Petitioner filed a reply on March 6, 2017. Doc. 18. At the Court's

20   direction, Respondents filed two supplemental answers in July and November 2017.

21   Docs. 22, 24. Petitioner was given multiple opportunities to reply, but did not do so. *See*

22   Docs. 21, 23, 25.

23          On February 23, 2018, Magistrate Judge James F. Metcalf issued a Report and

24   Recommendation ("R&R") that the Court dismiss Ground Three without prejudice and

25   deny the remaining grounds. Doc. 26. Respondents filed an objection to the R&R's

26   dismissal of Ground Three without prejudice. Doc. 27. Petitioner's time to respond or to

27   file his own objection has expired. *See* Fed. R. Civ. P. 72(b)(2). The Court will deny the

28   objection and adopt Judge Metcalf's recommendation.

1 **I.     Background.**

2       Petitioner was convicted by a jury in Maricopa County Superior Court of armed

3 robbery, aggravated assault, burglary, theft, and six counts of kidnapping.  Doc. 26 at 2.

4 His sentence, taking into account concurrent and consecutive terms, was 27.5 years of

5 imprisonment.  *Id.* at 2-3.  His convictions and sentences were affirmed on direct appeal

6 by the Arizona Court of Appeals.  *See State v. Soto-Portillo*, No. 1 CA-CR 11-0493, 2012

7 WL 6599808 (Ariz. Ct. App. Dec. 18, 2012).  His petition for post-conviction relief was

8 denied, and the Court of Appeals affirmed.  *See State v. Soto-Portillo*, No. 1 CA-CR 14-

9 0476 PRPC, 2016 WL 4193913 (Ariz. Ct. App. Aug. 9, 2016).

10 **II.    Ground Three.**

11       Ground Three asserts that trial counsel was ineffective by providing inadequate

12 advice to Petitioner before he rejected a favorable plea offer.  Doc. 1 at 8.  Specifically,

13 Petitioner alleges that he rejected the offer on the basis of an incorrect understanding of

14 the legal definition of "kidnapping."  *Id.*  He believed that kidnapping only occurs when a

15 victim is involuntarily transported from one location to another, which was relevant to his

16 case because the victims were "herded into a closet" during a home invasion but not

17 removed from the home.  *See* Doc. 26 at 28.  Petitioner states that he would have

18 accepted a plea offer if his counsel had explained Arizona's kidnapping definition,

19 "[g]iven that there was overwhelming evidence against Petitioner and a confession."

20 Doc. 1 at 8.

21       In his state post-conviction relief proceeding, Petitioner made the same argument.

22 *See* Doc. 15-1 at 149 ("Petitioner claims that because trial counsel failed to explain the

23 elements of the charge of kidnapping he rejected the favorable plea."), 153 ("[C]ounsel

24 failed to give <u>ANY</u> explanation as to the elements of kidnapping.").  He further asserted

25 in the Arizona Court of Appeals that this claim is "based on privileged communications

26 between Petitioner and trial counsel and obviously <u>NOT</u> 'on record[.]'"  *Id.* at 149.  He

27 argued that the superior court had incorrectly denied the claim without applying the

28 *Strickland* test simply because Petitioner rejected the plea at a *Donald* hearing.  *Id.* at 150

(citing *Lafler v. Cooper*, 566 U.S. 156, 173 (2012) ("An inquiry into whether the rejection of a plea is knowing and voluntary . . . is not the correct means by which to address a claim of ineffective assistance of counsel.")). The appellate court denied relief, stating:

> Soto-Portillo contends his counsel provided ineffective assistance by not fully informing him of the charges against him during plea negotiations. Specifically, Soto-Portillo states in an affidavit submitted in support of the petition for post-conviction relief that his counsel failed to give him a "legal definition" of kidnapping and that this failure "altered" his decision on the plea offer. However, Soto-Portillo does not claim his counsel did not adequately explain the elements of the offenses in some manner. Nor does he claim he did not understand what his counsel told him regarding the plea offer or the charged offenses, that counsel did not adequately discuss the plea offer or the advantages of the plea offer, or that he had any questions about the plea offer or charges that were not answered by his counsel. *See Strickland*, 466 U.S. at 691 (noting the reasonableness of counsel's actions may be "determined or substantially influenced by" the information supplied by the defendant). Additionally, Soto-Portillo was questioned regarding his understanding of the plea offer at a hearing held pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000), in which he stated he had no questions for either the court or counsel. The court is entitled to rely upon representations made by the defendant regarding his understanding of and willingness to enter a plea agreement. *See State v. Hamilton*, 142 Ariz. 91, 92-93 (1984). Considering the entirety of the record, the superior court did not abuse its discretion in finding Soto-Portillo failed to state a colorable claim of ineffective assistance with respect to his plea negotiations. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983) (considering the entire record when determining whether the defendant could establish counsel was ineffective).

*Soto-Portillo*, 2016 WL 4193913, at *2 ¶ 8.

On October 20, 2017, Judge Metcalf issued an order finding that Ground Three was subject to de novo review because the state appellate court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Doc. 23 at 6 (quoting 28 U.S.C. § 2254(d)(2)); *see also Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) ("If we determine, considering only the evidence before the state court, . . . that the state court's decision was based on an unreasonable

determination of the facts, we evaluate the claim de novo, and we may consider evidence properly presented for the first time in federal court."), *cert. denied*, 135 S. Ct. 710 (2014). Specifically, Judge Metcalf found the appellate court's statement that "Soto-Portillo does not claim his counsel did not adequately explain the elements of the offenses in some manner" plainly misstates the record before the state court. Doc. 23 at 5-6.

After considering Respondents' supplemental answer (Doc. 24), Judge Metcalf issued another order on January 23, 2018, finding that Ground Three could not be evaluated based on the existing record. Doc. 25. Judge Metcalf explained:

> While it is tempting to simply rest upon Respondents' argument and proceed to the merits based on the limited record, the Court is not inclined to resolve the merits of this claim without addressing the very weighty matters avoided by the state court's failure to give recognition to the substance of Petitioner's claim. Accordingly, the Court will direct the parties to seek a declaration from trial counsel, and to address whether other discovery or supplementation of the record, or an evidentiary hearing, are appropriate to the Court's de novo review of Ground 3.

> However, the first step, a declaration from trial counsel, can proceed only if Petitioner has waived his attorney client privilege so as to permit trial counsel to respond.

Doc. 25 at 4 (citing *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (holding that "the scope of the implied waiver must be determined by the court imposing it as a condition for the fair adjudication of the issue before it")). When Judge Metcalf issued this order, Petitioner had been inactive in the case for over ten months and had ignored two invitations to supplement his reply. Judge Metcalf therefore gave Petitioner 14 days to either (1) sign and file a limited waiver of attorney-client privilege to enable the Court to obtain the information necessary to decide Ground Three on the merits, (2) withdraw Ground Three, or (3) respond to the order showing cause as to why the Court should not dismiss for failure to prosecute. *Id.* at 5. Petitioner did not file any of the three, nor did he respond in any way.

**III.    The R&R, Respondents' Objection, and Standard of Review.**

Judge Metcalf recommended dismissal of Ground Three without prejudice as the appropriate sanction for Petitioner's failure to comply with the order and failure to prosecute. Doc. 26 at 31-32. Respondents' sole objection is that Ground Three should be dismissed with prejudice. *See* Doc. 27. Respondents argue that Ground Three fails on the merits, leaving "no reason to prolong this litigation," and dismissal without prejudice will leave Petitioner in "procedural limbo." Doc. 27 at 4.

The Court must undertake de novo review of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The portions of the R&R which were not specifically objected to will be adopted without further discussion. *Id.*

**IV.    Analysis.**

Respondents primarily argue that the Court should evaluate the merits of Ground Three and deny it. Doc. 27. This would require the Court to reject Judge Metcalf's determination that there is insufficient information in the record to do so. Essentially, Respondents ask the Court to summarily reject the claim without a full record, just as the Arizona Court of Appeals did. The Court will not do so. Judge Metcalf reasonably determined that the state court misstated the record, and that this Court cannot fairly evaluate the claim without additional information. The Court will deny Respondents' objection that the R&R incorrectly declined to reach the merits of Ground Three.

The question then becomes whether dismissal without prejudice is the appropriate sanction for Petitioner's failure to prosecute Ground Three. Rule 41(b) authorizes the Court to dismiss a case when the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is appropriate: (1) the public's interest in expeditious resolution of the litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition

of cases on their merits, and (5) the availability of less drastic sanctions. *Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The fifth factor "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057.

Judge Metcalf found that the first, second, and third factors favored dismissal, and the fourth factor weighed against dismissal. Doc. 26 at 32. Considering the fifth factor, he found that a less drastic alternative – dismissal of Ground Three without prejudice – was available and appropriate. *Id.*

Given that Petitioner was notified that Ground Three would be reviewed de novo (Doc. 23), afforded an opportunity to supplement his reply (*id.*), afforded an opportunity to submit a waiver to facilitate adjudication of the claim (Doc. 25), and warned that failure to respond would warrant dismissal (*id.*), but nonetheless remained silent, the Court agrees that dismissal of Ground Three is warranted under the first three factors. The Court also agrees that dismissal without prejudice is the only feasible alternative. *See Farrow v. Patton State Hosp.'s Exec. Dir.*, No. ED CV 13-1764-CJC SP, 2014 WL 1224750, at *4 (C.D. Cal. Mar. 20, 2014) ("[D]ismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal."). Moreover, dismissal without prejudice mitigates the harm to the public policy favoring disposition of cases on the merits. *Gomez v. Macdonald*, No. ED CV 13-01367-VBF, 2014 WL 1330528, at *5 (C.D. Cal. Mar. 31, 2014).

Respondents do not argue that dismissal of Ground Three without prejudice will unduly prejudice them, nor do they address the Rule 41(b) factors. Doc. 27. They simply argue that Ground Three lacks merit, or that dismissal without prejudice will not

necessarily allow Petitioner to bring the claim later. These are not persuasive reasons to impose a harsher sanction.

**IT IS ORDERED**:

1.  Magistrate Judge James F. Metcalf's R&R (Doc. 26) is **accepted**.

2.  Ground Three of Petitioner's petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice**. The remainder of the petition (Doc. 1) is **denied**.

3.  A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**.

4.  The Clerk shall **terminate** this action.

Dated this 3rd day of May, 2018.

David G. Campbell
United States District Judge